UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.11-cr-80119-WPD


UNITED STATES OF AMERICA

vs.

BRUCE LEVY,

       Defendant.

_____/


## PLEA AGREEMENT

The United States of America and BRUCE LEVY, (hereinafter referred to as the "defendant") enter into the following agreement:

1.   The defendant agrees to plead guilty to one count of the Indictment which charges the defendant with Manufacturing a Controlled Substance, to wit, one hundred (100) or more marijuana plants, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vii).

2.   The Government agrees to dismiss Count 2 at the conclusion of the sentencing hearing, so long as the Defendant is in compliance with the terms of this Plea Agreement.

1

3.   The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered.   The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.   Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.   The defendant also understands and acknowledges that, with respect to count 1 of the Indictment, the court must impose a minimum term of imprisonment of five (5) years and may impose a maximum term of imprisonment of forty (40) years followed by a term of supervised release of 4 years to life.   In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $5,000,000.

2

5.  The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6.  The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.  The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the

3

circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.      The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

a.   Quantity of controlled substances: That the quantity of marijuana involved in the offense, for purpose of Section 2D1.1 of the Sentencing Guidelines, is 984 plants, or 98.4 kilograms.

b. 2D1.1. enhancements:   Should this Court find that a 2D1.1(b)(12) enhancement applies for maintaining a drug premises, the Office agrees to recommend a variance to a low-end guideline level computation notwithstanding this enhancement, which the parties anticipate to be 24 months.

9.      The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the court impose a sentence within the sentencing guideline range without regard to any statutory minimum sentence identified in paragraph 4 above, provided that:

(a) defendant is not found to have more than one criminal history point, as determined under the Sentencing Guidelines;

4

(b) not later than the time of the sentencing hearing the defendant provides to the United States a written statement truthfully setting forth all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the indictment; and

(c) the defendant is not found to have used violence or threats of violence, or to have possessed a firearm or other dangerous weapon in connection with the offense; that the offense did not result in death or serious bodily injury to any person; and that the defendant is not found to have been an organizer, leader, manager or supervisor of others in the offense.

If the Defendant satisfies these conditions, the Office agrees to recommend a sentence of 24 months' imprisonment, which is at the low end of the anticipated guideline range.

10.     The defendant admits and stipulates that the following accurately reflects his offense conduct and the facts relating to charge in Count 1, and agrees that the following constitutes a sufficient factual basis supporting his plea:

On or about February 8, 2011, the defendant was leasing space located at 528-C North G Street, in Lake Worth, Florida in Palm Beach County, Florida. The defendant leased this space using the alias "Jon Smith" or "Jon H. Smith."   The defendant signed a rental agreement for the property with a lease term from September 1, 2010 to August 31, 2011 and made payments to the rental agent of the property in cash, for which he received paper receipts.

On or about February 8, 2011, the defendant possessed approximately 984 marijuana plants in the leased property, which he was cultivating for sale for profit.   The Defendant also possessed hydroponic equipment and ventilating equipment on the premises to maintain the marijuana grow operation. Also located in the North G Street property were various items of mail addressed to the defendant, and/or his company, "Java TC Inc."

A search warrant subsequently executed at the defendant's home in Boca Raton, Florida revealed some of the rental receipts the defendant received pertaining to the rental of the North G Street premises. The defendant went to Costa Rica on or about February 10, 2011 and was returned to the United States by the U.S. Marshals on or about October 20, 2016 after consenting to extradition.

The defendant admits his guilt to the charged offense because he is, in fact, guilty as charged.

5

11. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. The defendant understands and acknowledges that the Court is under no obligation to grant the motions referred to in paragraph 7 of this agreement should the government exercise its discretion to file any such motions. The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

13. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The

6

defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

14.    In the event the defendant withdraws from this agreement after the government and defendant have signed it, or prior to or after pleading guilty to the charge identified in paragraph one (1) above or otherwise fails to fully comply with any of the terms of this plea agreement, the United States will be released from its obligations under this agreement, and the defendant agrees and understands that: (a) he thereby waives any protection afforded by Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statement made by him as part of plea discussions, any debriefings or interviews, any written agreements, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the government; and (b) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any factual agreement executed by the defendant, or of any documents or recordings provided by the defendant or his representatives to any state or federal agency and/or the United States.

15.     This is the entire agreement and understanding between the United States and the defendant.   There are no other agreements, promises, representations, or understandings between the parties and counsel.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date:   12/28/16                    By: _William T. Shockley_
                                        for AURORA FAGAN
                                        ASSISTANT U. S. ATTORNEY


Date:   12/28/16                    By: _____
                                        A. RANDALL HAAS
                                        ATTORNEY FOR DEFENDANT


Date:   12/28/16                    By: _____
                                        BRUCE LEVY
                                        DEFENDANT

8